IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ET AL. | § § | |
| v. | § § | NO. SA-99-CA-0214-RF |
| CAREMARK, INC., ET AL. | § | |

## ORDER APPOINTING SPECIAL MASTER

It appears to the Court as discovery progresses in this case, there will arise pretrial discovery issues and pretrial disputes that may not be able to be addressed effectively and timely by an available district judge or magistrate judge of this district; that this case is unusually complex and is therefore exceptional within the provisions of Fed. R. Civ. P. 53; and that such issues and disputes will unduly impinge upon the Court's available time and resources; and that the appointment of a special master to recommend to this Court how best to resolve such pretrial discovery disputes is reasonable and necessary for the effective management of this cause in preparation for trial.

It is ORDERED that Karl Bayer, a resident of Austin, Texas, within this district, is hereby appointed Special Master in this case. Upon his filing the required Affidavit under 28 U.S.C. § 455, the Master is hereby empowered to do and perform the following acts:

> The Master shall proceed to discharge his duties from time to time, as herein specified, with all reasonable diligence. Subject to this Court's approval, the Master shall have the authority to regulate discovery proceedings and take all appropriate measures to perform fairly and efficiently his assigned duties. The Master may recommend to the Court contempt or non-contempt sanctions against a party and sanctions against a non-party. The Master is not empowered, except upon further order of this Court, to undertake any independent investigation, nor to hire any experts, or otherwise exceed the specific powers herein delegated to him.

> Subject to the provisions of Paragraph Seven of this Order, the Master shall initially hear and consider any disputes between or among the parties, involving or touching upon generally the pretrial discovery in this case, including *inter alia*, assertions of attorney-client privilege, work product immunity, or similar privileges and immunities; questions regarding the date,

place, time or permitted length of any oral deposition of any witness; questions of the propriety of, or responsiveness to, or the number of, or phrasing of any written interrogatory, request for production of documents and tangible things, or requests for admissions, including any of those discovery methods directed to non-party witnesses. All of these matters are hereby termed a "Discovery Dispute." The foregoing list is not exclusive and the Master may determine any other matter to be a Discovery Dispute, within his reasonable discretion.

The Master shall determine the method, in his reasonable discretion, as to how any Discovery Dispute should be considered, including whether to entertain written motions, and submissions of documents *in camera*, and he may conduct evidentiary hearings in the furtherance of his duties. The Master shall determine the method of submitting and resolving Discovery Disputes, including whether to conduct meetings with the parties, and/or to make recommendations by telephone or other means of communication.

The Master shall not undertake any *ex parte* communications with the parties, except for the limited purpose of receiving documents for *in camera* review. The Master shall be authorized to communicate with the Court and its personnel on an *ex parte* basis for any purpose in carrying out his duties under this Order.

Without consulting the Court, the Master may, during the course of any oral deposition, make a suggestion to the parties as to whether a question propounded to a witness is proper; whether a response to, or refusal to answer any question so propounded is proper; and other matters pertaining to the conduct of any such deposition. Inquiry to the Master shall be by joint telephone conference call with ast least one representative of each party participating.

In all instances, the parties may agree to be bound by the Master's recommendation, in which case, such recommendation approved by all parties, and upon the occurrence of which, such recommendation shall automatically be adopted by this Court. Such agreement, if any, shall be evidenced either by a statement on the record of the deposition, or in other cases, by a letter or other written communication (including email).

The Master is **not** empowered to make any ruling as to which the parties are not in agreement. The Master's findings both as to fact and law, unless otherwise approved by this Court, shall always be subject to *de novo* review, and not merely for plain error. In any instance as to which any party disagrees with the Master's recommendation, the matter shall be referred to the Court for consideration of the Master's recommendation, and the entry of a ruling adopting, rejecting, or modifying, as the Court deems necessary and proper, all or any portions of such recommendation. The Court will make known its decisions regarding the Master's recommendations by written order.

The Master shall be compensated for his time in the performance of these duties at the rate of $250.00 per hour. The Master's fees and expenses, shall initially be charged 60% to the

Plaintiffs for their side collectively (as if one party), and 40% to the Defendants for their side collectively (as if one party). Each side shall initially deposit the sum of $3,000.00 with the Master, to be held in the Master's attorney trust or IOLTA account. The Master may make withdrawals from said account from time to time, upon his submission to the parties of reasonably itemized invoices for time and customary out-of-pocket expenses for travel, long distance telephone and facsimile toll charges, copying and postage expense. The Master's office overhead expense shall not be a chargeable expense. The parties shall, from time to time, replenish the deposit as requested by the Master.

At the conclusion of the Master's duties and upon his discharge, the Master's compensation shall be determined and finally approved by the Court. At the conclusion of this case, unless resolved by settlement, the prevailing party may request that it be awarded its fees expended on the Special Master as costs and the Court, in its discretion, may award such expenses to the prevailing party in accordance with federal law.

At the conclusion of the Master's duties, he shall (unless and until otherwise authorized and directed by this Court) preserve and retain (for a period of three years from his discharge) any papers, records, documents or other things which have come into his hands by reason of this appointment. Such papers and things shall not, unless otherwise directed by this Court, be deposited with the Clerk or delivered to the Court or its personnel.

SIGNED this 29th day of June, 2006.

_____
ROYAL FURGESON
UNITED STATES DISTRICT JUDGE