FILED

DEC 12 2006

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| ex. rel. JANAKI RAMADOSS, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | No. SA 99CA0914RF |
| | § | |
| CAREMARK INC., et al., | § | |
| | § | |
| Defendants. | § | |

**SPECIBL MASTER'S RECOMMENDATIONS WITH RESPECT TO CAREMARK'S MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORIES AND REQUESTS FOR DOCUMENTS**

TO THE HONORABLE JUDGE FERGUSON:

Before the Special Master is Caremark's Motion to Compel Further Responses to Interrogatories and Requests for Documents, and Supporting Memorandum. Caremark's Motion and its supplements ask the Court to compel the discovery of information the Relator provided to certain governments pursuant to the False Claims Act, specifically 31 U.S.C. §3730(b)(2). Plaintiffs have filed responses to the Motion and its supplements, and the matter was heard in Austin, Texas on August 22 and 23, 2006. For the reasons set forth below, the Special Master recommends that the Court DENY Caremark's Motion, to the extent it pertains to written disclosures pursuant to 31 U.S.C. §3730(b)(2).

Plaintiffs have sued Caremark for making false claims or reverse false claims to a number of state governments and the federal government as part of Caremark's denial of requests for reimbursement of amounts paid by Plaintiffs as prescription drug



1

benefits under Medicaid and other government programs. According to Plaintiffs, "Caremark violated the False Claims Act by illegally applying procedural plan restrictions to government requests for reimbursement – in essence, knowingly thwarting the government's ability to recoup prescription drugs [sic.] costs that should have been paid for by the private health plans administered by Caremark." Plaintiffs' Summary of the Case to Special Master Karl Bayer, at 2. Caremark, on the other hand, argues that to the extent it denied claims for reimbursement, it did so on the basis of plan restrictions which would have mandated denial had the claims been submitted by the individuals who assigned their right to recovery to the governmental program seeking reimbursement; "the plain language of the applicable statutes equates the government with the individual beneficiary by allowing the government to seek reimbursement to the extent of the plan's legal liability to the individual beneficiary." Caremark's Summary of the Case, at 3.

      The False Claims Act requires a relator to serve on the government a "written disclosure of substantially all material evidence and information the person possesses" along with a copy of the complaint. 31 U.S.C. §3730(b)(2) (hereinafter "Statement of Material Evidence"). In this case, the Relator served this written disclosure on numerous state governments, not all of which have chosen to intervene in the case. In its Motion to Compel, Caremark asks the Court to compel production of the Statement of Material Evidence Relator "was required to serve on the various government entities on whose behalf she attempts to bring this case." Caremark's Motion, at 14.

2

Caremark also seeks to compel production of Relator's Statement of Material Evidence to the extent she produced it to states who chose not to intervene.

In Response, Plaintiffs assert that the Statement of Material Evidence is privileged work product, either opinion work product or at the least ordinary work product, to which Caremark has not shown itself to be entitled. Plaintiffs' Joint Response to Defendants' Motion to Compel Privileged Material, at 2. At the outset, Plaintiffs note that Relator has already produced much of the information included in the 1387 page Statement of Material Evidence. *Id.* Which makes sense, of course; to the extent Plaintiffs seek to rely on information from the Statement of Material Evidence in this case they certainly would be obligated to produce it. Non-produced portions of the Statement of Material Evidence have been withheld on the basis of work product, according to Plaintiffs.

Work product, that is material prepared in anticipation of litigation, is protected from discovery. The extent of protection accorded to work product depends on whether or not the work product is opinion work product, which means material reflecting "the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." FED. R. CIV. P. 26(b)(3). Opinion work product is almost never discoverable. So-called ordinary work product, that is material prepared in anticipation of litigation but which does not reflect the mental impressions, conclusions, opinions or legal theories which constitute opinion work product, can be discoverable, but "only on a showing that the party seeking discovery has substantial need of the materials in preparation of the party's case and

that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means." *Id.*

Caremark and Plaintiffs each submit cases which support their position on this question. In other words, according to the cases submitted by Caremark, Statements of Material Evidence in False Claims Act cases are discoverable, while according to the cases submitted by Plaintiff Statements of Material Evidence are not in fact discoverable. None of the cited cases specifically on point is from the Fifth Circuit.

More specifically, Caremark cites several cases that hold that the Statement of Material Evidence is ordinary work product and therefore discoverable. *United States ex rel. O'Keefe v. McDonnell Douglas Corp.*, 918 F.Supp. 1338, 1346 (E.D. Mo. 1996); *Grand ex rel. United States v. Northrop Corp.*, 811 F.Supp. 333, 337 (S.D. Ohio 1992); *United States ex rel. Stone v. Rockwell Int'l Corp.*, 144 F.R.D. 396, *10-11 (D. Colo. 1992). In all of these cases, district courts applied the test set forth in Rule 26(b)(3) and found that the Statements were discoverable.

On the other hand, Plaintiffs have provided a pile of cases that make the opposite holding. *United States ex rel. Bagley v. TRW, Inc.*, 212 F.R.D. 554 (C.D. Cal. 2003); *United States ex rel. Burroughs v. DeNardi Corp.*, 167 F.R.D. 680 (S.D. Cal. 1996); *United States ex rel. Hunt v. Merck-Medco Managed Care, LLC*, 2004 WL 868271 (E.D. Pa. 2004); *United States v. Medica-Rents Co.*, 2002 WL 1483085 (N.D. Tex. 2002). These cases hold that the Statements are work product (in some cases ordinary work product) but undiscoverable.

4

There is no "bright-line" rule that applies in this case[1]. The Fifth Circuit has not opined on this issue, and the only Texas case on point, the *Medica-Rents* case, offers no specific guidance here, other than an instance of a court refusing to compel production of ordinary work product in this context. The Special Master is convinced that the Relator's Statement of Material Evidence is work product of some kind. If it is, at least in part, ordinary work product, it could be discoverable. In this case, without making a recommendation as to type of work product status afforded the Statement, the Special Master finds that Caremark has not met its burden of establishing an entitlement to production, even to the extent the Statement is ordinary work product. Having reviewed the documents submitted for *in camera* review, the Special Master recommends that the Court find that Caremark has not shown it has a

---

[1] However, of all the opinions provided by the parties on this issue, the Special Master would note the most thoughtful and helpful analysis set forth in *Bagley*, a 2003 district court opinion from California which, by far, takes the most time to discuss the legislative basis for the disclosure requirement and the implications of its potential blanket discoverability (or non-discoverability). The *Bagley* court notes that in a situation where a Relator discloses fully and thoroughly, the very act of compiling a disclosure statement reveals opinion work product:

> The statute calls for disclosure of "substantially all" of the "material" facts and evidence in the relator's possession. To meet that obligation, the relator and his or her counsel must engage in a process of selecting and winnowing from the totality of information known to the relator only those facts and evidence that are material to the relator's legal claims. Therefore, the factual naratives in the disclosure statements reveal "the mental impressions, conclusions, opinions, or legal theories of" the relator and his or her counsel. *See* Fed. R. Civ. P. 26(b)(3). For these reasons, the court concludes that the disclosure statements prepared by relator and his counsel in this case (including pre-existing documents attached as exhibits thereto) constitute opinion work product.

*Bagley*, 212 F.R.D. at 565.

substantial need for the withheld portions of the Statement in the preparation of its case. Furthermore, the Special Master recommends that the Court find that Caremark has other means of obtaining the withheld information or a substantial equivalent. That being the case, at this time, the Special Master will recommend that the Court deny Caremark's motion, without prejudice to its being reasserted should subsequent, alternative discovery not provide an adequate means of obtaining a substantial equivalent of the withheld material.

Caremark also argues that to the extent Relator provided the Statement to non-intervening states, there is no privilege which would apply. The Special Master is unpersuaded by this argument. A Fifth Circuit case cited by Caremark is instructive: "regardless of whether the government opts to control or intervene in a case, the False Claims Act requires that actions 'be brought in the name of the Government.' . . . Thus, . . . the United States is a real party in interest even if it does not control the False Claims Act suit." *Searcy v. Philips Electronics North America Corp.*, 117 F.3d 154, 156 (5th Cir. 1997). In other words, non-intervening states here remain real parties in interest. As such, disclosing the Statement of Martial Evidence to governments that do not intervene does not disrupt its work product status. *See Burroughs*, 167 F.R.D. at 685-86. Finally, the Special Master would note that the evidence demonstrates that the states to whom the Statement was sent that do not have False Claims Acts did not review the Statement. Relator's First Supplemental Response to Defendants' Motion to Compel Privileged Material. Service of the Statement of Material Evidence on North Carolina and Utah did not, therefore, disrupt

any privilege. Accordingly, the Special Master RECOMMENDS that Caremakr's Motion to Compel Further Responses to Interrogatories and Requests for Documents, and Supporting Memorandum be DENIED to the extent it seeks production of Relator's Statement of Material Evidence.

DATE: *December 12, 2006*

_____
KARL BAYER