UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| ex. rel. JANAKI RAMADOSS, et al., | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| v. | § | No. SA 99CA0914RF |
| | § | |
| CAREMARK INC., et al., | § | |
| | § | |
| **Defendants.** | § | |

**SPECIAL MASTER'S RECOMMENDATIONS REGARDING
THE UNITED STATES' USE OF THE ELIGIBILITY FILE**

TO THE HONORABLE JUDGE FERGUSON:

Before the Special Master are: Caremark's Motion for an Order to Show Cause re: Disclosure of Eligibility File [Docket No. 294] and United States' Request for an Advisory Opinion on The Stipulated Protective Order Governing the Disclosure of Health Information [Docket No. 295], along with various responses and replies to these pleadings. Both Caremark's Motion for an Order to Show Cause and the Request for an Advisory Opinion of the United States seek the same thing: a recommendation as to whether or not the United States is permitted to share certain information produced pursuant to at least one, if not two, protective orders in this action with certain non-parties. The Special Master conducted a hearing on this issue on August 9 and 10, 2007, and both parties submitted post-hearing briefing.

1

Two protective orders are in place in this action, the so-called HIPAA Protective Order [Docket No. 149] and the so-called general Protective Order [Docket No. 182].   Caremark contends that the Eligibility File which is the subject of this Recommendation was produced pursuant to both Orders;  the United States Claims that only the HIPAA order applies to the Eligibility File.

The HIPAA Protective Order states in relevant part that:  "[a]ll parties receiving these [confidential] documents may use such designated records only for purposes of the above-captioned litigation and may disclose them to non-parties (a) only as provided by law and this Order, (b) only for purposes of the above-captioned litigation and (c) only if the non-party signs the form of acknowledgment attached to this Order as set forth below."   Docket No. 149, at 4.   The United States claims that its proposed disclosure of the Eligibility File to non-party states and their contractor HMS should be permitted as being for the purposes of this litigation.   Specifically, the United States argues that disclosure is required for the U.S. to fully investigate its recoupment claim.

The Special Master is unpersuaded by this argument, particularly for claims that have not been submitted for payment as part of routine third-party recovery efforts.  In any event, disclosure as requested by the United States would violate the HIPAA Protective Order regardless of whether or not the recoupment claim makes the disclosure "for purposes of the above-captioned litigation."

The HIPAA Protective Order, as quoted above, allows for disclosure of confidential records, even if for purposes of this litigation, **"only as provided by law and this Order**."   In other words, even if the use is proper, other conditions for

2

disclosure in the Order must be satisfied. One such condition is found in Section III(B), which lists the only categories of recipients who may receive confidential information, even if that information is disclosed for purposes of this litigation. The United States has acknowledged that it has shared the Eligibility File with HMS. *See* Docket No. 322, at 6-7. This disclosure to HMS violates the HIPAA Protective Order.

Exhibit 1 to the transcript of the August 9, 2007 hearing on this issue is an email from HMS' counsel to Caremark's counsel. In that email, dated July 16, 2007, HMS' general counsel clearly states: "HMS is not a party to this litigation and does not represent any party in this case. HMS has not been retained by DOJ and is not being compensated by DOJ. HMS is neutral, and, as I've said repeatedly, is trying its best to be as cooperative with all parties as possible. . . . HMS has no contractual relationship with the DOJ, has not been retained as an expert or consultant on this case, and is not being paid or reimbursed for its work related to this litigation." Caremark Ex. 1, 7/16/07 email from Tracy Zwick to Jennifer Weaver.

The Special Master invited HMS to participate in the exploration of this issue both during the hearing on this matter and once after the hearing while the issue was still open. HMS declined to participate meaningfully. In response to the Special Master's first request, HMS' counsel sent a short, unhelpful, extremely general letter. HMS did not respond to the second request. If the Court feels it needs more information from HMS about its role in this dispute, the Special Master would recommend that the Court invite HMS to appear before it to provide testimony on its acquisition and use of the Eligibility File.

3

Based on the record before the Special Master, HMS is clearly not a permissible recipient of confidential information produced pursuant to the HIPAA Protective Order under Section III(B) of that Order.  Similarly, individual states who are not parties to this case are not permissible recipients of confidential information produced pursuant to the HIPAA Protective Order.[1]

Since the Special Master Recommends that the Court find that the United States' disclosure of the Eligibility File violates the HIPAA Protective Order, the Special Master does not discuss, at this time, whether or not the Eligibility File was produced pursuant to the general Protective Order.

The Special Master recommends that the Court impose sanctions against the United States for violating the HIPAA Protective Order.  The United States suggests that it is beyond the Court's authority to order the U.S. to indemnify Caremark in the event of claims against Caremark based on the disclosure of the confidential information or to order Caremark to post some sort of bond.  That being the case, the Special Master recommends that the Court maintain jurisdiction over this issue, even after the trial on the merits.  If Caremark desires to seek monetary sanctions based on provable harm, then the Special Master recommends that the Court convene further proceedings in which an appropriate monetary sanction can be established, and during which both parties will have the opportunity to put on evidence both supporting and

---

[1] At the risk of circularity, the Special Master would note that if HMS is using the eligibility file not because it is working for the DOJ in this case, then disclosure to HMS is by definition not for the purposes of this litigation.  The United States argues, in essence, that its recoupment claim has conflated business as usual with this litigation, an argument that the Special Master finds particularly unpersuasive.

4

opposing the amount of the sanction.  Because Caremark has not sought injunctive, equitable or further declaratory relief at this stage, before the Special Master would make further recommendations Caremark should seek such relief, and the United States should be allowed to respond.

DATE: _January 21, 2008_

_____
KARL BAYER, SPECIAL MASTER

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of January, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record in this action.

  /s/   Karl Bayer
Karl Bayer