FILED

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

MAR - 7 2008

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ex rel. JANAKI RAMADOSS, et al., Plaintiffs, | § § § § § § § § § § § § | No. SA-99-CA-00914-WRF |
| v. | | |
| CAREMARK INC., et al., Defendants. | | |

## ORDER ADOPTING SPECIAL MASTER'S RECOMMENDATIONS WITH RESPECT TO PENDING DISCOVERY MOTIONS

BEFORE THE COURT are the Recommendations ("Recommendation") of Special Master Karl Bayer, ("Special Master") (Docket No. 573), filed February 5, 2008, with respect to: (1) Plaintiffs' Motion to Compel Production of PBM Agreements (Docket No. 516); (2) Texas' Motion to Enforce Compliance with Section 2(C) of First Amended Scheduling Order (Docket No. 551); and (3) Texas' Motion to Reconvene Rule 30(B)(6) Deposition (Docket No. 552); and Texas' Objections (Docket No. 586), filed February 21, 2008. According to the Special Master's Recommendation, the above-referenced Motions should be denied without prejudice to re-file after the February 28-29, 2008 conference.[1] After reviewing the

---

[1] Due to Texas' dissatisfaction with the proposed format of this conference, it has since been cancelled.

Motions, the Recommendation, and the transcript of the related hearing and teleconference, the Court is of the opinion the Recommendation should be ADOPTED IN ITS ENTIRETY, and the Motions (Docket Nos. 516, 551, 552) should be DENIED WITHOUT PREJUDICE.

## BACKGROUND

The Complaint in this case was filed under seal on August 25, 1999. Docket No. 1. On October 29, 1999, the State of Texas ("Texas") filed its notice of intervention. Docket No. 7. The Complaint was not unsealed and served on Caremark until August 2005. In the six year period while the Complaint was under seal, and shortly thereafter, the federal Government and Texas received "discovery" from federal subpoenas, Texas CIDs, documents the Relator took with her when she left Caremark, and thousands of documents Caremark produced in relation to this litigation. This discovery also included an un-redacted PBM Agreement. Initially, Plaintiffs requested Caremark produce the eligibility file and certain plan design information, and also sought to schedule a trial date in the first three months of 2007. Docket No. 144. The Court quickly realized that due to the complexity of the case, many of the issues and disputes would unduly impinge on the Court's available time and resources. Accordingly, the Court appointed the Special Master on June 29, 2006. Docket No. 155. Subsequently, the parties met with the Special Master, and after multiple days of hearings, <u>the parties agreed</u> to bifurcate the case. Phase I of discovery would include liability issues and Phase II would include damages. Subsequently, certain motions filed requesting discovery (including Texas' motion to produce PBM Agreements) were denied pending

rulings on the multiple summary judgement motions that were filed by the parties. *See* Docket 512 (Special Master stating that because there are multiple pending motions on multiple legal issues that may dramatically affect the scope of discovery, the discovery motions should be readdressed once the Court has reached its legal rulings and given the parties direction). There were no objections filed to this recommendation and the Court entered an Order accordingly. Docket No. 514. On the same day Texas joined the Plaintiffs and filed a Motion to Compel PBM Agreements, requesting <u>all</u> of Caremark's PBM Agreements for plans with <u>at least one</u> Medicaid reimbursement claim, and additionally PBM Agreements for fifty-one Caremark clients that handled Texas Medicaid reimbursement requests.[2]

Because the pending legal issues in the motions for summary judgment could have had a significant impact on the scope of PBM discovery, the Court abated rulings on the PBM discovery issues until the relevant motions were ruled on. Docket No. 531.

On January 15, 2008, the Special Master conducted an oral hearing on several issues, including issues related to the above-referenced discovery Motions. On January 28 and January 29, 2008, the Court held a two-day hearing in this case regarding the motions for summary judgment. At the hearing the Court stressed its desire that the parties work together and find reasonable approaches to exchanging information. Above all, the Court emphasized

---

[2] Among other reasons, Plaintiffs insisted PBMs were needed to determine effective date and termination date of given contracts. To this point in the case Caremark had produced electronic e-mail and electronic plan design data, which it contends contains sufficient information to determine effective dates of a plan. Caremark also acknowledged it was willing to provide additional information including run-out dates for any rejection letters Plaintiffs will provide to Caremark.

that due to the complexity of this case, it wanted to take a sound approach to discovery. Accordingly, the Court instructed the parties that the issue of falsity would not be addressed at this time. The Court indicated that a pertinent question is whether the parties have a statutory right to certain reimbursement requests. The Court determined that the parties should first decide if there are areas of agreement regarding the issues of substantive and procedural restrictions.

The following Tuesday, February 5, 2008, the Special Master conducted a telephone conference with the parties and attempted to structure discovery pursuant to Court's oral rulings at the hearing. According to the transcript of the telephone conference, the Special Master expressed his desire for everyone to work together to come up with a discovery plan. The discussion included addressing issues of substantive and procedural restrictions, distinctions between claims that are denied versus processed, and working toward the two day collaborative conference with experts that was initially scheduled for February 28-29, 2008 (the "collaborative conference"). The goal was for the parties to discuss and plan so that decisions ultimately could be made on pending discovery motions. One goal of the collaborative conference was to determine what is needed for Plaintiffs to adequately understand how claims processing works. Additionally, the Special Master asked the parties to designate substantive versus procedural restrictions (pursuant to the Court's instruction at the January hearing), what discovery if any is needed to help clarify this determination, and

why that discovery is needed.[3]

Toward the end of the conference, Texas expressed its frustration with discovery and noted that there "seems to be all this tremendous fear about discovery abuse, and there isn't any." Tr. 80. Texas told the Special Master it wanted him to rule on the Motion regarding PBMs, the Motion to enforce compliance with section 2(C), and the 30(b)(6) Motion to continue depositions. Tr. 80-81. The Special Master noted that with the assignments given to the parties and through the collaborative conference regarding the discovery concerns, he had hoped the parties would have "polished off" the issues so that he "could have given [Texas] very favorable rulings." Tr. 81. Despite the Special Master's indication that he would rule on these Motions after the collaborative conference so as to receive further clarification on these issues, Texas nevertheless pressed the Special Master to rule on them. Tr. 81. Accordingly, the Special Master stated that based on what he had heard at that point, if a ruling was needed right then, the Motions would be denied without prejudice to re-file after the collaborative conference. Texas further stated it preferred the recommendation in writing. Tr. 81-82.

Subsequently, the Special Master filed his Recommendation stating that the above-

---

[3]On this issue Texas expressed concern over situations that may arise when a substantive restriction turns out to be untruthful. Tr. 31. Nevertheless, Plaintiffs have submitted charts that fail to indicate how they feel a particular restriction applies to a private individual versus Medicaid, and what further discovery is needed to make a determination and why. Plaintiffs indicate that they perceive essentially every restriction as being procedural and therefore discriminating against Medicaid. This simply cannot be the case.

referenced Motions should be denied without prejudice to re-file after the collaborative conference. The Special Master's Recommendations were filed with the Court on February 5, 2008. Under Federal Rule of Civil Procedure 53(g)(2), parties have twenty days to file objections to, or a motion to adopt or modify the Recommendations. Texas timely filed its objections to the Recommendations (Docket No. 586), but did not do so until February 21, 2008, only seven days before the collaborative conference was scheduled.

## DISCUSSION

Texas argues the Court should reject the Special Master's Recommendation because it "places a tourniquet on fundamental discovery that Texas requires to evaluate its claims and calculate damages in this lawsuit." (Docket No. 586 at 2). Furthermore, Texas argues that denying discovery only stifles its ability to prepare for trial. *Id.* Texas states that its Motion to Enforce Scheduling Order "merely asks Caremark to comply . . . and produce plan design information . . . ." *Id.* at n. 1. Texas further asks that its Motion to Reconvene the 30(b)(6) deposition of Beth Brinati, after only seven hours of deposition, should be granted, especially considering the Special Master indicated that the deposition should be reconvened. *Id.* Additionally, Texas argues that its Motion to Compel Production of PBM Agreements simply asks for the contracts with Caremark's clients. *Id.*

Texas filed its objections on February 21, complaining that it could not wait until the collaborative conference to get rulings on these issues. The Special Master indicated that not only was he going to wait until after the collaborative conference so that discovery could be

appropriately targeted, but he also indicated that there would probably be favorable rulings for Texas as well. Tr. 81. Texas complains that the basis for the Recommendation is unclear. *Id.* at 2. Texas notes that the written Recommendation provides neither guidance nor reason for the denial of the Motions and that the Special Master also failed to provide oral guidance. *Id.* Additionally, Texas argues that the "Master did not articulate his reasons for denying the Motions on or off the record, beyond averring that he was denying the Motions due to the 'unfortunate' fact that Texas 'want[ed] a ruling on them.'" Additionally, Texas complains that the Recommendation was made without explanation, is unclear, and provides no guidance.

Despite Texas' contentions, the Court finds that the Special Master's Recommendation should be adopted and the Motions should be denied. In contrast to Texas' argument, the Court finds there was a clear explanation and guidance for the decision to deny the Motions. It is clear from the transcript that despite indication that the discovery Motions would be ruled on once the collaborative conference was held, which was scheduled for seven days after Texas filed its objections. Nevertheless, Texas strangely insisted on a ruling, in writing. It is clear Texas had two choices, (1) to wait until after the collaborative conference and receive a ruling on the Motions, or (2) to seek a ruling the Special Master felt was premature, and re-file the Motions after the conference. Texas chose the latter.

Subsequently, Texas objected to the format of the collaborative conference that was scheduled to help better-understand the adjudication system, and discuss the issues with the

discovery motions, including the discovery Motions mentioned above.[4] As a result, the collaborative conference was cancelled, and the Motions–and substantive rulings on the Motions–are again essentially held in abeyance until the parties achieve further progress on the issues to allow the Special Master and the Court to make an informed ruling.[5] While Texas has continuously voiced concern about delay in this case, its actions with regard to these discovery Motions have caused further delay and have prevented the Special Master and the Court from allowing this case to progress.

With regard to the 30(b)(6) deposition of Beth Brinati, who has been made available to Plaintiffs for depositions and for a demonstration, the Court understands the importance of continuing her (or her equivalent's) deposition after the collaborative conference. Nonetheless, the Court also recognizes that clarifying and narrowing the issues through hearings, teleconferences, briefing, or a collaborative conference requested by the Special Master appears to be the best approach before a 30(b)(6) deposition is continued or an amount of time is designated. Accordingly, the Court agrees with the Special Master following its directive to ensure a straightforward, focused, efficient, and educated discovery process is

---

[4] The two-tiered discovery approach was proposed to better deal with the pending discovery requests. First, the Special Master asked Caremark to informally educate Plaintiffs on electronic plan design. Second, Plaintiffs could then use targeted, formal discovery to obtain additional information. It appears that the proposed process may provide Plaintiffs with more information than they would be entitled to through formal discovery.

[5] In reference to the collaborative conference and progress to be made in the aftermath of the Court's recent hearing, the Special Master indicated to the parties that he hoped "we could have [] a very productive two days that might be a combination of discussion and planning, and then also any kind of decision making on motions." Tr. 10.

employed. Understandably, Texas notes that it has sought PBMs since shortly after this case was unsealed, however, it has not yet obtained much of the discovery it desires. The Court observes that there are multiple reasons for delay in this case that cannot be fairly summarized by asserting "it has been twenty-two months since we asked for it." For example, PBM and other discovery was abated pending legal rulings on the motions for summary judgment. This step was taken because the anticipated rulings could shape the scope of discovery.

The Court encourages and appreciates the parties' efforts to devise a comprehensive discovery plan, which the Court recognizes is a challenging task given the complexity and uniqueness of this case. However, the Court reiterates its decision to have a structured discovery process so that the various issues within the case are separated out and discovery is not open ended and at a great expense. This case involves a broad range of issues, which continues to raise concerns such as which party will bear the cost of certain discovery requests, whether discovery by third parties is required, and what measures should be taken, if any, to ensure Plaintiffs adequately understand information that is discovered.[6] Additional issues include whether PBMs can be discovered electronically or whether the parties must resort to paper discovery. In sum, there are a myriad of discovery issues that the parties and

---

[6] For example, Caremark contends the plan design data contains sufficient information in relation to the claims in this case. However, Plaintiffs have had difficulty in understanding the information and processing procedure and as a result assert that they need more discovery. The Court is of the opinion that Plaintiffs' inability to understand the information does not necessarily necessitate more discovery. Consequently, the Court may be in the uncomfortable position of trying to figure out what to do if even after Plaintiffs receive some PBMs Plaintiffs are still unable to understand how a claim is processed. Although Caremark maintains the PBMs are irrelevant to this litigation, it is nonetheless willing to produce certain PBMs.

the Special Master must work through to ensure that methodical, fair, and appropriate discovery is conducted.[7] These concerns may cause delay in the case at times, and may also prevent the Special Master or the Court from making immediate impromptu rulings.

While the Court understands the parties' frustration with progression of this case, it is important to the Court that all of the rulings are well-informed and carefully analyzed. Therefore, the Court understands the Special Master's desire to delay rulings on the Motions until after the collaborative conference, and his decision to deny without prejudice the Motions in light of Texas' desire for rulings. The Court will await the Special Master's recommendation on the Motions following the collaborative conference, once the parties agree to the format of the conference and it is rescheduled.[8]

For the foregoing reasons the Court is of the opinion the Recommendation (Docket No. 573) should be ADOPTED IN ITS ENTIRETY, and the Motions (Docket Nos. 516, 551, 552) are DENIED WITHOUT PREJUDICE.

---

[8]The Court recognizes the Special Master's hesitation to make discovery rulings prior to the collaborative conference was premised on there being a collaborative conference. It is entirely possible that a collaborative conference designed to assist Plaintiffs in understanding will not take place. If this is in fact the case, and an agreement cannot be reached, the Special Master should make his discovery rulings based on the information he currently has or additional information he feels appropriate.

It is so ORDERED.

Signed this 7th day of March, 2008.

*Royal Furgeson*
ROYAL FURGESON
UNITED STATES DISTRICT JUDGE