UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
MAR 13 2008
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. JANAKI RAMADOSS, et al., <br> Plaintiffs, <br><br> v. <br><br> CAREMARK INC., et al., <br> Defendants. | § § § § § § § § § § § § No. SA-99-CA-00914-WRF |

## ORDER ADOPTING SPECIAL MASTER'S RECOMMENDATIONS REGARDING THE ELIGIBILITY FILE, ORDERING THE GOVERNMENT TO HAVE HMS RETURN THE ELIGIBILITY FILE, AND DENYING AS MOOT MOTIONS WITH REGARD TO THE ELIGIBILITY FILE

BEFORE THE COURT are the Recommendations ("Recommendation") of Special Master Karl Bayer, ("Special Master") (Docket No. 565), filed January 21, 2008, with respect to Defendant Caremark's ("Caremark") Motion for an Order to Show Cause Regarding Disclosure of the Eligibility File (Docket No. 294), and Plaintiff the United States' (the "Government") Motion to Request an Advisory Opinion on the Stipulated Protective Order Governing the Disclosure of Health Information (Docket No. 295). Both Motions address the Government's sharing of the Eligibility File, and whether such disclosure is permitted under the current Stipulated Protective Order Governing the Disclosure of Health Information (the

"HIPAA Protective Oder").[1] Specifically, this issue centers around the Government's disclosure of the Eligibility File to states that are not a party to this litigation, and to Health Management Systems ("HMS"). The Special Master conducted an oral hearing on this issue on August 9 and 10, 2007.

The Special Master recommends that the Court find the Government violated the HIPAA Protective Order when it disclosed the Eligibility File to HMS. The Special Master further recommends that the Court impose sanctions against the Government for violating the HIPAA Protective Order.

The Government filed objections to the Special Master's Recommendation on February 28, 2008.[2] The Government argues it complied with the HIPAA protective order. Specifically, the Government claims (1) HMS was an authorized party qualified to receive confidential health information under the HIPAA Protective Order; (2) patient confidentiality has not been compromised; (3) HMS disclosed its work for the Government in this litigation to the Special Master and Caremark; (4) the Special Master improperly relied on a July 16, 2007 e-mail from HMS counsel to Caremark; (5) the Special Master's objection to the

---

[1] The Court understands the Eligibility File to be a massive database that contains private and confidential information of persons, many of whom, may not even be the subject of any of the already processed claims at issue in this case.

[2] Under Federal Rule of Civil Procedure 53(g)(2), parties have twenty days to file objections to, or a motion to adopt or modify the Recommendations. The Court also observes that Texas filed additional objections because it felt "compelled to challenge the Recommendation." Because neither the underlying Motions nor the Special Master's Recommendation involve Texas, the Court need not consider or address Texas' objections.

Government's use of the Eligibility File is contrary to the Court's prior oral ruling and (6) the Special Master erred with his recommendations because he followed no established authority and no motion for sanctions was before him.

The Court finds each of these arguments unavailing. Instead, it is clear to the Court that the HIPAA Protective Order should protect against disclosure of information, such as the Eligibility File, to third parties without complying with the terms of the HIPAA Protective Order. The HIPAA Protective Order provides that parties may disclose confidential documents, such as the Eligibility File, to non-parties (1) only as provided by law in the HIPAA Protective Order (2) for the purposes of this litigation and (3) only if the non-party signs the form of acknowledgment.[3]

HMS is not a party to this litigation.[4] The Court is not convinced that HMS falls into any of the categories of persons who may receive confidential health information under the HIPAA Protective Order. HMS is not a retained witness or expert, an administrative assistant, or a witness at a deposition, hearing, mediation, trial or other proceeding. Therefore, the Government was required to obtain an order from the Court permitting disclosure of the Eligibility File.[5] The Government failed to do so. Accordingly, the Court finds the

---

[3] *See* HIPAA Protective Order.

[4] In Exhibit C to the Government's objections, HMS states it "is not a party to this litigation, has not been retained by any party, and is not compensated for any participation in this litigation." Docket No. 592, Ex. C. The Government's argument that HMS "effectively served as an expert" is unpersuasive. *See* Docket No. 592 at 6.

[5] *See* HIPAA Protective Order.

Government violated the HIPAA Protective Order by disclosing the Eligibility File.[6] Similarly, individual states that are not a party to this litigation may not be given confidential information pursuant to the HIPAA Protective Order. Should a party seek to disclose the Eligibility File to a non-party in the future, it must obtain an order from the Court permitting it to do so.

The Court also adopts the Special Master's Recommendation with regard to sanctions against the United States for violating the HIPAA Protective Order. The Court will maintain jurisdiction over this issue, even after the case is disposed of on the merits. If a situation arises where Caremark faces liability or damages for problems associated with the Government's disclosure of the Eligibility File, upon provable harm, the Court will reconvene proceedings to address whether monetary sanctions are appropriate. The Court is not ordering the Government to indemnify Caremark in the event of such claims, but instead is retaining jurisdiction so it can determine whether sanctions are appropriate in the future should a claim arise.

---

[6] Because the Court makes this finding, it need not address the additional arguments in the Government's objections to the Special Master's Recommendation. However, the Court finds it necessary to briefly address two points. First, the Government alleges the Special Master's Recommendation is "contrary to this Court's prior oral ruling." Docket No. 592. at 14. The oral ruling the Government refers to was that the Court "commented favorably" on the Government's proposal to use an updated Eligibility File, and that the Court indicated the Government would get the updated File. *Id.* To interpret this ruling to allow the Government to circumvent the HIPAA Protective Order and impermissibly disclose the confidential Eligibility File to third parties is untenable. Second, although the Special Master does not address the General Protective Order in this case in his Recommendation, it is likely the Government's disclosure of the Eligibility File violated that Order as well.

Finally, the Government is ordered to have HMS return the Eligibility File to the Government, accompanied by an affidavit from HMS, submitted to the Court, that states HMS is no longer using the Eligibility File and has returned it.

For the reasons stated above, the Court is of the opinion the Special Master's Recommendation (Docket No. 565) should be ADOPTED IN ITS ENTIRETY. Furthermore, it is ORDERED that the Government have HMS return the Eligibility File with an affidavit from HMS referenced above.

Based on these rulings, Caremark's Motion for an Order to Show Cause Regarding Disclosure of Eligibility File (Docket No. 294), and the Government's Motion for a Request for an Advisory Opinion on the Stipulated Protective Order Governing the Disclosure of Health Information (Docket No. 295) are both DENIED AS MOOT.

It is so ORDERED.

Signed this 13th day of March, 2008.

_____
ROYAL FURGESON
UNITED STATES DISTRICT JUDGE